JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIET E. ORGILL, individually and on behalf of
all others similarly situated and on behalf of the
general public,

        Plaintiff,

        vs.

INGERSOLL-RAND COMPANY; TRANE,
INC.; and DOES 1 through 50, inclusive,

        Defendants.

**09 CIV 9691**

Civil Action No.

CLASS ACTION COMPLAINT FOR
DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF

JURY TRIAL DEMAND

RECEIVED
NOV 20 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Juliet E. Orgill ("Plaintiff"), individually and on behalf of all others similarly

situated, by her attorneys The Ottinger Firm, PC, alleges, upon personal knowledge and upon

information and belief as to other matters, as follows:

PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Individual and Representative

Plaintiff Juliet E. Orgill and all putative plaintiffs (collectively "Plaintiffs"), on her own behalf

and behalf of the proposed class identified below. Plaintiff and the putative class members were

or are employed by Defendants Ingersoll-Rand Company ("IR") and Trane, Inc. ("Trane") and

were subject to unlawful wage deductions in violation of federal and state labor laws. These

employees are similarly situated under the Federal Rule of Civil Procedure 23 and the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective Class is made of all persons who are or have been employed by

Defendants at any time within the United States within three years prior to this action's filing

date through the date of the final disposition of this action (the "Collective Class Period") and

who were subject to (i) a 4.762% deduction from the earned commissions for general administrative expenses, and (ii) a $50 monthly deduction for the use of computers leased by Defendants.

3.       The Class is made up of all persons who are or have been employed by Defendants within the State of New York within the period of three years prior to the filing date of this Complaint ("the Class Period") and who were subject to the above mentioned deductions.

4.       During the Collective Class Period and the Class Period, Defendants unlawfully deducted (i) 4.762% from the earned commissions of each member of the Class for general administrative expenses, and (ii) $50 a month for the use of computers leased by Defendants. Plaintiffs seek relief of the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Class under the Fair Labor Standards Act ("FLSA"), to remedy the Defendants' failure to pay all wages due, in addition to injunctive relief.

<u>PARTIES</u>

5.       Individual and representative Plaintiff Juliet E. Orgill resides in Mt. Vernon, New York.  She was employed by Defendants from 1989 to 2009 as a Sales Person.

6.       Defendant Ingersoll Rand Company is a corporation doing business in New York. Defendant IR is incorporated in Dublin, Ireland with U.S. Executive Headquarters in Piscataway, New Jersey.

7.       Defendant Trane, Inc. is a corporation doing business in New York.  Defendant Trane is incorporated in the state of Delaware with Executive Headquarters in Piscataway, New Jersey.

8.       Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are

ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

9.      Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship.  Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq*.  This Court also has supplemental jurisdiction over the Plaintiffs' New York state law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the deductions which give rise to Plaintiff's claim occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

12.      Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

**Collective Class:** All persons in the United States who are or have been employed by Defendants and earned commissions which were subject to a 4.762% deduction for general administrative expenses and were also subject to a monthly $50 deduction for computer use.

13.     At all times during the Class Period, Defendants authorized, by written policy, a 4.762% deduction from all sales commissions to help cover Trane's local offices' general operating expenses.

14.     At all times during the Class Period, Defendants authorized, by written policy, a monthly $50 deduction for employees' use of computers which Defendants leased.  This deduction was authorized to cover Defendants' leasing costs.

15.     Defendants knowingly and intentionally transferred to its employees the responsibilities for the expenses of carrying on an enterprise in violation of the FLSA and 29 C.F.R. § 531.3 (d)(1).

16.     The deductions were made by the Defendants to cover expenses primarily for the benefit of the employer and are therefore presumptively unreasonable under 29 C.F.R. § 531.3 (d)(1).

17.     The deductions were not made for the employees' board, lodging or other facilities and are therefore excluded from the FLSA's definition of wages under 29 U.S.C. § 203(m).

18.     Defendants' unlawful conduct was pursuant to official policy, namely, the unlawful deductions identified above were made pursuant to company policies applicable to Defendants' entire commissioned sales force.

19.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

4

20.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned deductions in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

21.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Proposed Class:**     All persons in the State of New York who are or have been employed by Defendants and earned commissions which were subject to a 4.762% deduction for general administrative expenses and were also subject to a monthly $50 deduction for computer use.

22.     At all times during the Class Period, Defendants authorized, by written policy, a 4.762% deduction from all sales commissions to help cover Trane's local offices' general operating expenses.

23.     At all times during the Class Period, Defendants authorized, by written policy, a monthly $50 deduction for employees' use of computers which Defendants leased.  This deduction was authorized to cover Defendants' leasing costs.

24.     <u>Numerosity</u>:    The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed over 50 people who satisfy the definition of the Proposed Class.

25.   <u>Typicality:</u>   The Plaintiff's claims are typical of the members of the Proposed Class.  Plaintiff is informed and believes that, like other commissioned sales staff, Plaintiff was subject to the aforementioned unlawful deductions during the Class Period.  Plaintiffs had the same duties and responsibilities as other Class members.  All Plaintiffs were subject to Defendants' policy and practice of improperly deducting 4.762% from commissions for administrative expenses and were also subject to a monthly $50 deduction for computer use.

26.   <u>Superiority:</u>   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.   <u>Adequacy:</u>   Plaintiff will fairly and adequately protect the interests of the Proposed Class, and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

28.   <u>Commonality:</u>  Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

   a.   Whether Defendants improperly deducted 4.762% from Plaintiffs' salaries for general administrative expenses and, specifically, whether or not the deductions were  made in accordance with a law or a governmental agency rule or regulation, expressly authorized in writing by the employee, and for the benefit of the employee under N.Y. Lab. Law § 193.

   b.   Whether Defendants improperly deducted $50 from Plaintiffs' salaries on a monthly basis for the use of company computers and, specifically, whether or not the deductions were  made in accordance with a law or a governmental agency

rule or regulation, expressly authorized in writing by the employee, and for the benefit of the employee under N.Y. Lab. Law § 193.

    c.   The proper measure of damages sustained by the Proposed Class; and

    d.   Whether Defendant's actions were "willful."

      29.    The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

      30.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the wages to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

      31.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of the Proposed Class are available from Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Unlawful Deductions under the Fair Labor Standards Act)

32.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

33.    Plaintiffs consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b).  Plaintiff's written consent form will be filed forthwith.  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

34.    At all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, and the Collective Class members.  At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

35.    At all relevant times, Defendants were engaged in the operation of an "enterprise," within the meaning of the FLSA, 20 U.S.C. § 203.

36.    At all relevant times, Plaintiffs have been "employees," within the meaning of the FLSA, 20 U.S.C. § 203.

37.    The FLSA and interpretive regulations prohibit an employer from transferring to its employees the responsibility for the expenses of carrying on an enterprise by offsetting the costs against employees' wages.

38.    During their employment with Defendants, within the applicable statute of limitations, Defendants unlawfully deducted 4.762% from the commissions of Plaintiff and the other Collective Class members to cover costs associated with the operation of the enterprise. This deduction was primarily for the benefit and convenience of the employer and is

8

presumptively unreasonable under the FLSA. Defendants willfully, in bad faith, and in knowing violation of the Federal FLSA, failed and refused to pay Plaintiffs the wages due to them.

39.     Further, during their employment with Defendants, within the applicable statute of limitations, Defendants unlawfully deducted $50 as a monthly computer-use fee from the wages of Plaintiff and the other Collective Class members to cover a cost associated with operating the enterprise. This deduction was primarily for the benefit and convenience of the employer and is presumptively unreasonable under the FLSA. Defendants willfully, in bad faith, and in knowing violation of the Federal FLSA, failed and refused to pay Plaintiffs the wages due to them.


40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

41.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION

**(Unlawful Deductions in Violation of Section §193 of the New York Labor Law)**

42.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

43.     Under N.Y. Lab. Law § 193, it is unlawful for an employer to make deductions from the wages of an employee, unless those deductions are (a) made in accordance with a law

or a governmental agency rule or regulation, or (b) expressly authorized in writing by the employee and are for the benefit of the employee.

44.     At all relevant times herein, within the applicable statute of limitations, Defendants unlawfully deducted 4.762% from the commissions of Plaintiff and the other Class members.

45.     At all relevant times herein, within the applicable statute of limitations, Defendants unlawfully deducted $50 as a monthly computer-use fee from the wages of Plaintiff and the other Collective Class members.

46.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class have sustained damages, including loss of wages, in an amount to be established at trial, plus interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Proposed Class, prays for relief as follows:

47.     That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

48.     That Defendant is found to have violated the provisions of the New York Labor Law as to Plaintiff and the Class;

49.     That Defendant is found to have violated the Federal Fair Labor Standards Act as to Plaintiff and the Class;

50.    That Defendant's violations as described above are found to be willful;

51.    An award to Plaintiff and the Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

52.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

53.    An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

54.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

55.    For the purposes of maintaining the Class Action, Plaintiffs hereby waive their right to special damages under the NYLL, thereby circumventing the prohibition against class recovery for special damages under CPLR § 901(b).  Plaintiffs do not waive their right to recover liquidated damages under the FLSA.

## JURY DEMAND

56.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury as to all issues so triable.


DATED:  November 20, 2009

The Ottinger Firm, P.C.

Robert W. Ottinger (RS-8879)
Christopher Q. Davis (CD 7282)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
Telephone: (212) 571-2000


Attorneys for Plaintiff Juliet Orgill and the
Proposed Class

12